$\mu$ $\mu$

$5^{30}$

PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name _GREENE_ _PHILIP_ _J._
    (Last)               (First)         (Initial)

**FILED**

Prisoner Number _T98702 / 450-1-11U_

JAN 3 0 2008

Institutional Address _ASP- P.O. BOX 9  AVENAL, CA. 93204_

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**MMC**

**CV 08 0714**

_PHILIP JASON GREENE_
Full Name of Petitioner

Case No.(To be provided by the clerk of court)

**(PR)**

vs.

_HARTLEY - ASP WARDEN, et. al._      PETITION FOR A WRIT OF HABEAS CORPUS
Name of Respondent
(Warden or jailor)

Read Comments Carefully Before Filling In

When and Where to File

You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your

petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

Who to Name as Respondent

    You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

    If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack was entered.

## A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1.    What sentence are you challenging in this petition? THE 12022.7(a) 3 YEAR ENHANCEMENT IMPOSED BY ABUSE OF DISCRETION

    (a) Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

<u>SANTA CLARA COUNTY SUPERIOR COURT</u>    <u>SAN JOSE, CALIFORNIA</u>
               Court                                     Location

    (b)    Case number, if known  <u>210721</u>
    (c)    Date and terms of sentence <u>6/27/03  7 YEARS + 3 YRS PAROLE + RESTITUTION</u>
    (d)    Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.) Yes X  No

Where? <u>AVENAL STATE PRISON · 1 KINGS WAY · AVENAL, CA. 93204</u>
         (Name of Institution)                (Address)

2.    For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

<u>    VIOLATION OF PENAL CODE SECTION 273 a(a)    </u>

<u>    PLUS GENERAL GBI ENHANCEMENT 12022.7(a)    </u>

<u>    UNDER 1203. + RESTITUTION 1202.4.    </u>

3.    Did you have any of the following?



Arraignment: Yes X No ___ Preliminary Hearing: Yes ___ No X Motion to ~~Suppress~~: Yes X No ___
                                                                       L TO DISMISS

3

4.    How did you plead?

Guilty _____    Not Guilty _✓_    Nolo Contendere _____

Any other plea (specify) _____

5.    If you went to trial, what kind of trial did you have?

Jury _____    Judge alone _____    Judge alone on a transcript _X_ GRAND JURY TX.
                                        PURSUANT TO: BUNNELL V. SUPERIOR CT (1975) 15CAL.3d 592

6.    Did you testify at your trial?  Yes ____ (No X)

7.    Did you have an attorney at the following proceedings:

(a)    Arraignment (Yes X)        No ____
(b)    Preliminary hearing        Yes ____    No ____
(c)    Time of plea    (Yes X)    No ____
(d)    Trial    (Yes X)    No ____
(e)    Sentencing    (Yes X)    No ____
(f)    Appeal    (Yes X)    No ____
(g)    Other post-conviction proceeding    Yes ____    (No X)

8.    Did you appeal your conviction?  (Yes X)  No ____

(a)    If you did, to what court(s) did you appeal?

Court of Appeal    (Yes X)    No ____    FILED 2004/FEB.    AFFIRMED 1/2005
                                         (Year)              (Result)

Supreme Court of
California    (Yes X)    No ____    FILED 2005    PETITION FOR REVIEW DENIED
                                   (Year)         (Result)

Any other court    Yes ____    (No X)    _____    _____
                                         (Year)              (Result)

(b)    If you appealed, were the grounds the same as those that you are raising in this
petition?    Yes ____ (No X)

(c)    Was there an opinion?    (Yes X)  No ____

(d)    Did you seek permission to file a late appeal under Rule 31(a)?
       Yes ____    No ____    N/A

4

Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was <u>denied or dismissed with prejudice</u>, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. § 2244(b).

(a)    If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I.    Name of Court _SUPERIOR COURT, COURT OF APPEAL ; AND STATE SUPREME CT._

Type of Proceeding _HABEAS CORPUS PETITION_

Grounds raised (Be brief but specific):

a.    _ABUSE OF DISCRETION BY SENTENCING COURT._

b.    _____

c.    _____

d.    _____

Result _SEE EXHIBITS C/D/E  DENIED_ ____ Date of Result ____

II.    Name of Court _NORTHERN DISTRICT COURT_

Type of Proceeding _HABEAS CORPUS PETITION_

Grounds raised (Be brief but specific):

a.    _VIOLATION OF DUE PROCESS AND SPEEDY TRIAL_

b.    _VIOLATION OF DUE PROCESS BY KNOWINGLY SUPPRESSING EXCUL. EVIDENCE_

c.    _VIOLATION OF DUE PROCESS BY PROSECUTING VINDICTIVELY._

d.    _____

Result _IN PROCESS (TRAVERSE FILED 9/2007)_ Date of Result ____

III.    Name of Court _____

6

Type of Proceeding _____

Grounds raised (Be brief but specific):

a. _____

b. _____

c. _____

d. _____

Result _____ Date of Result _____

    (b)   Is any petition, appeal or other post-conviction proceeding now pending in any

court?    Yes ☒ No ☐  *NORTHERN DISTRICT COURT*
                             *CASE # C-05-3433mmc (PR)*
                             *TRAVERSE FILED 9/2007*

(Name and location of court)

## B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you need more space. Answer the same questions for each claim.

Note: You must present ALL your claims in your first federal habeas petition. Subsequent petitions may be dismissed without review on the merits. 28 U.S.C. § 2244(b); McCleskey v. Zant, 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).

Claim One: *THE SENTENCING COURT VIOLATED PETITIONER'S 6TH AMENDMENT*

RIGHT TO TRIAL BY JURY WHEN IT ABUSED ITS DISCRETION AND IMPOSED
A 3 YEAR GBI ENHANCEMENT.

Supporting Facts: _____

SEE ATTACHED PAGE(S)

CI-1 THROUGH CI-5

Claim Two: _____

Supporting Facts: _____

Claim Three: _____

Supporting Facts: _____

If any of these grounds was not previously presented to any other court, state briefly which

grounds were not presented and why:

THIS CLAIM HAS BEEN EXHAUSTED AT THE

STATE LEVEL.

8

<u>CLAIM ONE:</u>    THE SENTENCING COURT VIOLATED PETITIONER'S SIXTH AMENDMENT RIGHT TO TRIAL BY JURY, WHEN IT ABUSED ITS DISCRETION AND IMPOSED A 3 YEAR GBI ENHANCEMENT.

<u>SUPPORTING FACTS:</u> ON MAY 1, 2003, PETITIONER WAS FOUND GUILTY OF VIOLATING CALIFORNIA PENAL CODE SECTION 273a(a) WITH AN ENHANCEMENT OF GREAT BODILY INJURY UNDER SECTION 12022.7(a) BY JUDGE KEVIN MURPHY, IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA. (SEE EXHIBIT A - LEGAL STATUS SUMMARY AND ABSTRACT OF JUDGEMENT.). SUCH FINDING OF "GUILT" WAS BASED UPON THE REVIEW AND SUBMISSION OF THE GRAND JURY TRANSCRIPTS IN ACTION #210721 PURSUANT TO <u>BUNNELL V. SUPERIOR COURT (1975) 13 CAL. 3d 592</u> - WHICH "AN AGREEMENT TO SUBMIT A CASE FOR A DECISION ON TRANSCRIPT DOES NOT, AND CANNOT, SUPER-CEDE THE PLEA OF 'NOT GUILTY' WHICH NECESSARILY PRECEDES THE AGREEMENT." ADDITIONALLY, "THE FINDING OF GUILT IS A FOREGONE CONCLUSION."

HOWEVER, THE U.S. SUPREME COURT STATED THAT A GRAND JURY <u>ONLY</u> DETERMINES AND ISSUES A PROBABLE CAUSE FINDING AND DOES NOT DETERMINE GUILT OR INNOCENCE, (<u>U.S. V. CALANDRA, 38 LED 2d 561 (1974)</u>), AND THUS THE INDICTMENT ISSUED IS BASED UPON THE PREPONDERENCE OF THE EVIDENCE PRESENTED, NOT BY THE USE OF A BEYOND A REASONABLE DOUBT STANDARD.

THEREFORE, THE FINDING OF GUILT BY THE TRIAL COURT WAS DETERMINED, BASED UPON THE REVIEW OF THE SAME EVIDENCE PRESENTED TO THE GRAND JURY, AND BY THE PREPONDERENCE OF THE 'EVIDENCE,' <u>NOT</u> BY THE UTILIZATION OF BEYOND A REASONABLE DOUBT.

ON JUNE 27, 2003, JUDGE KEVIN MURPHY SENTENCED PETITIONER TO THE MID-TERM OF 4 YEARS FOR VIOLATING PENAL CODE SECTION 273a(a) AND IMPOSED A CONSECUTIVE 3 YEARS FOR THE GBI ENHANCEMENT FOUND TRUE UNDER SECTION 12022.7(a). (EXHIBIT A). THIS SENTENCE WAS IMPOSED WHILE PETITIONER HAD BEEN OUT ON BAIL FOR 3 YEARS, 8 MONTHS WITHOUT AS MUCH AS COMMITTING AN INFRACTION, BEING GAINFULLY EMPLOYED, MARRIED WITH PETITIONER BEING THE SOLE ECONOMIC PROVIDER, OBTAINING 2 SUCCESSFUL DISMISSALS OF THE SAME ACTION – E9911820 AND 210637 AND NOT HAVING ANY PRIOR JUVENILE OR ADULT RECORD. PETITIONER'S LIFE DID NOT REFLECT <u>ANY</u> PATTERN OF VIOLENCE OR CRIMINAL BEHAVIOR AND THEREFORE, COULD <u>HARDLY</u> BE DEEMED A DANGER TO SOCIETY. THE SENTENCING COURT FAILED TO TAKE INTO ACCOUNT <u>ANY</u> MITIGATING FACTOR(S).

<u>PAGE C1-1</u>

THE SENTENCE IMPOSED BY THE COURT WAS AN ABUSE OF DISCRETION, BIASED AND PREJUDICIAL. "EVEN WHEN A COURT IMPOSES THE 'PRESUMPTIVE' MID-TERM, ITS DECISION IS REVIEWABLE FOR ABUSE OF DISCRETION — THAT IS, ITS DECISION TO SENTENCE AT THE STANDARD 'TERM MUST BE REASONABLE." (PEOPLE V. CATTANEO (1990) 217 CAL.APP. 3d 1577, 1587-1588) AND (CUNNINGHAM V. CALIFORNIA, 127 S.CT. 856 (2007).)

PETITIONER SOUGHT DIRECT APPEAL BASED UPON CALIFORNIA'S TWO-DISMISSAL RULE UNDER SECTION 1387 IN THE SIXTH APPELLATE DISTRICT, JUDGE P. BAMATTRE-MANOUKIN ISSUED THE OPINION "UNPUBLISHED" AFTER SEVERELY MISCONSTRUING THE LEGISLATIVE INTENT OF EXCUSABLE NEGLECT IN FAVOR OF THE PROSECUTION AND FAILING TO RULE THAT THE PROSECUTION'S SUPPRESSION OF EXCULPATORY EVIDENCE WAS IN BAD FAITH. PETITIONER WAS DENIED A REHEARING, WITHOUT REASON AND THE STATE SUPREME COURT DENIED REVIEW WITHOUT REASON.

PETITIONER FILED A PETITION FOR WRIT OF HABEAS CORPUS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA ON MARCH 8, 2007 — SUCH PETITION ADDRESSED ISSUES BROUGHT FORTH IN "CUNNINGHAM" BY THE U.S. SUPREME COURT THAT: "CALIFORNIA'S DETERMINATE SENTENCING LAW VIOLATES A DEFENDANT'S RIGHT TO TRIAL BY JURY, AS SAFEGUARDED BY THE 6TH AND 14TH AMENDMENTS OF THE U.S. CONSTITUTION." ADDITIONALLY, PETITIONER CITED THAT HIS "SENTENCE WAS ENHANCED BASED ON FACTS THAT WERE NOT CHARGED TO AND FOUND BY A JURY," (BLAKELY V. WASHINGTON, 124 S.CT. 2531 (2004)), AND THAT THE GBI ENHANCEMENT WAS "NOT BASED ON JURY FINDINGS OF ALL ESSENTIAL FACTS BEYOND A REASONABLE DOUBT," (APPRENDI V. NEW JERSEY, 530 U.S. 466 (2000)), AND WAS ONLY FOUND TRUE BY A JUDGE UTILIZING A PREPONDERANCE OF THE EVIDENCE, NOT BY THE UTILIZATION OF A BEYOND A REASONABLE DOUBT STANDARD. SUCH METHOD WAS CITED BY THE U.S. SUPREME COURT IN "CUNNINGHAM" THAT ENHANCEMENTS ARE TO BE FOUND BY A JURY BEYOND A REASONABLE DOUBT AND THAT SUCH FAILURE VIOLATES ONE'S 6TH AMENDMENT RIGHT TO TRIAL BY JURY.

IT IS CITED IN "CUNNINGHAM" THAT: "THE MID-TERM PRESCRIBED UNDER CALIFORNIA LAW, IS THE RELEVANT STATUTORY MAXIMUM." IN THE SAME RULING, "ANY FACT THAT EXPOSES A DEFENDANT TO A SENTENCE IN EXCESS OF THE STATUTORY MAXIMUM, MUST BE FOUND BY A JURY, NOT A JUDGE, AND BE ESTABLISHED BEYOND A REASONABLE DOUBT, NOT MERELY BY A PREPONDERANCE OF THE EVIDENCE."

ON MARCH 15, 2007, JUDGE LINDA CONDRON OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA, ISSUED HER RULING STATING: "CUNNINGHAM

PAGE C1-2

1  DOES NOT APPLY TO ENHANCEMENTS THAT ARE SEPARATELY CHARGED AND FOUND TO BE

2  TRUE AND WHICH MAY BE IMPOSED CONSECUTIVELY." (CITING: PEOPLE V. HERNANDEZ

   (2007) LEXIS 257). (EXHIBIT C).

3        ON APRIL 19, 2007, PETITIONER SOUGHT RELIEF IN THE CALIFORNIA COURT OF

4  APPEAL - SIXTH APPELLATE DISTRICT - ON A PETITION FOR A WRIT OF HABEAS CORPUS.

5        ON JUNE 8, 2007, JUDGE P. BAMATTRE - MANOUKIAN AND JUDGE MIHARA

   FILED A "POST-CARD" DENIAL; "THE PETITION FOR WRIT OF HABEAS CORPUS IS DENIED."

6  (EXHIBIT D). THUS, IT IS DEDUCED THAT THE COURT OF APPEAL DECISION IS SPECIFICALLY

7  RELIANT UPON THE FAULTY FINDINGS OF THE SUPERIOR COURT ISSUED BY JUDGE LINDA

8  CONDRON.

9        PETITIONER SOUGHT RELIEF IN THE CALIFORNIA SUPREME COURT ON A HABEAS

   CORPUS PETITION - FILED JUNE 25, 2007. SUCH PETITION WAS ALSO ISSUED A "POST-CARD"

10  DENIAL BY CHIEF JUSTICE GEORGE IN CASE # S153879, (EXHIBIT E), ON DECEMBER 12,

11  2007.

12        THE LEGAL MANDATED LANGUAGE CONTAINED IN "CUNNINGHAM" STATES:

13  "THE PENAL CODE PERMITS ELEVATION OF A SENTENCE ABOVE THE STATUTORY MAXIMUM

14  BASED ON SPECIFIED STATUTORY ENHANCEMENTS... P.C. SECTION 667; ALSO BLACK, 35

   CAL. 4TH @ 1257... STATUTORY ENHANCEMENTS MUST BE CHARGED IN THE INDICTMENT,

15  AND THE UNDERLYING FACTS MUST BE PROVED TO A JURY BEYOND A REASONABLE DOUBT..."

16  WHILE ADDITIONALLY STATING: "THE CALIFORNIA SUPREME COURT STATED IN 'BLACK' THAT THE

17  DSL REQUIRES STATUTORY ENHANCEMENTS - E.G.- THE USE OF A FIREARM OR OTHER DANGER-

18  OUS WEAPON, INFLICTION OF GREAT BODILY INJURY, P.C. SECTIONS 12022, 12022.7-8 (WEST

19  2000; SUPP. 2006) - TO BE CHARGED IN THE INDICTMENT, AND THE UNDERLYING FACTS

20  BE PROVED TO A JURY BEYOND A REASONABLE DOUBT." (35 CAL. 4TH @ 1257; 113 P3d @ 545).

   "THESE ENHANCEMENTS, WHICH ADD ADDITIONAL YEARS TO THE BASE TERM, MUST BE

21  PLEADED AND PROVED TO A JURY BEYOND A REASONABLE DOUBT." (P.C. SECTION 1170.1(e).).

22        THE LEGAL LANGUAGE OF "MUST" IS A STATUTORY MANDATE THAT LEAVES NO

23  ROOM FOR CONSTRUING THE LAW.

24        HOWEVER, WHERE PERMITTED BY STATUTE, A JUDGE MAY USE A FACT

25  QUALIFYING AS AN ENHANCER TO IMPOSE THE UPPER TERM RATHER THAN AN

   ENHANCED SENTENCE. (IBID- "CUNNINGHAM" - RULE 4.420 (C) CA. RULES OF COURT.);

26  (ALSO SEE JONES V. UNITED STATES, 526 U.S. 227 (1999); AND HARRIS V. UNITED STATES,

27  153 LED 2d. 524 (2002)).

28

                                                    PAGE C1-3

IN THE PRESENT CASE, PETITIONER AGREES THAT, THE ENHANCEMENT OF GREAT BODILY INJURY -SECTION 12022.7(a) - WAS CHARGED IN THE GRAND JURY INDICTMENT #210721 ON APRIL 3,2002. HOWEVER, IN NO WAY, WITHIN THE CONTEXT OF THE LEGAL MANDATED LANGUAGE, NOR IN THE PROCEDURAL HISTORY OF THE PRESENT CASE, WAS SUCH ENHANCEMENT EVER PROVEN, PRESENTED, OR PLEADED TO A JURY BEYOND A REASONABLE DOUBT, AS JUDGE LINDA CONDRON OF THE SUPERIOR COURT ALLEGES IN HER RULING AS CONTAINED WITHIN EXHIBIT C.

THE CASE IN ACTION #210721 WAS DECIDED UPON THE SUBMISSION ON THE GRAND JURY TRANSCRIPTS AS CITED IN THIS PETITION. HOWEVER, THIS AGREEMENT UNDER "BUNNELL," THOUGH CONSIDERED A "TRIAL" TO THE MOST LIBERAL STANDARDS UNDER THE LAW, CANNOT BE CONSIDERED A TRIAL BY JURY; AND THE FINDINGS OF "GUILT" BY JUDGE KEVIN MURPHY CANNOT BE CONSIDERED THAT ANY SUCH FINDING WAS BASED UPON THE UTILIZATION OF A "BEYOND A REASONABLE DOUBT STANDARD," BUT ONLY THAT OF A UTILIZATION OF A "PREPONDERENCE OF THE EVIDENCE," BY A JUDGE - BASED ON A PROBABLE CAUSE FINDING.

THE U.S. SUPREME COURT FULLY REASONED IN "CUNNINGHAM" THAT THE METHODS OF STANDARDS "BEYOND A REASONABLE DOUBT" AND "PREPONDERENCE OF THE EVIDENCE" ARE NOT THE SAME.

THEREFORE, JUDGE MURPHY'S FINDING OF GUILT, BASED UPON THE PREPONDERENCE OF THE EVIDENCE, TO DETERMINE THE 12022.7(a) ENHANCEMENT TRUE BY THE SIMPLE REVIEW OF THE GRAND JURY TRANSCRIPTS IN ACTION #210721, VIOLATED PETITIONER'S 6TH AMENDMENT RIGHT TO HAVE A JURY OF HIS PEERS DETERMINE SUCH FACTS BEYOND A REASONABLE DOUBT - AS DR. CATHERINE ALBIN'S TESTIMONY REGARDING FRACTURES SPECIFICALLY STATED THAT: THOUGH SHE THOUGHT FRACTURE(S) EXIST EXISTED, SHE ALSO STATED CLEARLY IN THE SAME TRANSCRIPTS AND SENTENCE THAT SUCH COULD NOT BE PROVEN. (SEE GRAND JURY TRANSCRIPTS IN ACTION #210721 -PAGE 104: 1-8), AS CONTAINED WITHIN THE RECORD ON APPEAL.

HOWEVER, IF THE METHOD TO FIND PETITIONER GUILTY BY A USE OF THE PREPONDERENCE OF THE EVIDENCE, WHILE THE LAW CLEARLY MANDATES A USE OF A "BEYOND A REASONABLE DOUBT STANDARD," REGARDING THE 12022.7(a) ENHANCEMENT, IS ALLOWABLE, THE VERDICT BY SUPERIOR COURT JUDGE KEVIN MURPHY - DOES NOT AUTHORIZE THE SENTENCE AS CITED IN "CUNNINGHAM" -- "A JURY'S VERDICT DOES NOT AUTHORIZE THE SENTENCE."

PAGE C1-4

1  SINCE PETITIONER WAS FOUND GUILTY BY A PREPONDERENCE OF THE
2  EVIDENCE AND NOT BEYOND A REASONABLE DOUBT, AND PETITIONER NEVER ADMITTED TO
3  COMMITTING A GBI, THE FACTS SHOW THAT THE SENTENCING COURT ABUSED ITS
   DISCRETION WHEN IT IMPOSED THE 3 YEAR CONSECUTIVE ENHANCEMENT ADDITIONAL
4  TO THE 4 YEAR BASE TERM. THE COURT HAD THE AUTHORITY TO IMPOSE THE UPPER
5  6 YEAR TERM BY USING THE GBI AND VOID THE CONSECUTIVE TERM, HOWEVER, THE
6  COURT WRONGFULLY IMPOSED THE CONSECUTIVE THREE YEARS, AND THUS ABUSED ITS
7  DISCRETION WHILE VIOLATING PETITIONER'S 6TH AMENDMENT RIGHT TO TRIAL BY JURY.
8      THEREFORE, THE RULING BY JUDGE LINDA CONDRON, AS RELIED UPON BY
9  THE STATE COURTS, ERRED IN DENYING RELIEF.
10     PETITIONER THEREFORE PRAYS THAT THIS COURT FULLY REVIEW
   THESE FACTS AND PROVIDE THE FOLLOWING:
11         1) ISSUE AN ORDER TO SHOW CAUSE;
12         2) GRANT AN EVIDENTIARY HEARING TO PROPERLY ADJUDICATE
13            THESE FACTS;
14         3) APPOINT COUNSEL TO REPRESENT PETITIONER IN THESE
15            PROCEEDINGS;
16         4) GRANT THE APPROPRIATE RELIEF BY VACATING THE 3
              YEAR CONSECUTIVE SENTENCE AND ORDER PETITIONER'S
17            RELEASE FROM CDCR;
18         5) GRANT THE WRIT AND PROVIDE ANY FURTHER RELIEF
19            THIS COURT DEEMS NECESSARY.
20
21     PETITIONER AVERS THAT HE HAS SET FORTH A PRIMA FACIE CASE
22     FOR RELIEF.
23
24
25
26
27
28
                                        PAGE C1-5

SUPPORTING CASES, RULES, AND
OTHER AUTHORITY IN SUPPORT OF
CLAIM AND SUPPORTING FACT(S)

U.S. CONSTITUTIONAL AMENDMENTS : 6 / 14
CALIFORNIA PENAL CODE SECTIONS : 273a(a) / 12022.7(a) / 667 / 1170.1(e) / 12022 /

CALIFORNIA RULE(S) OF COURT : Rule 4.420(c)

U.S. SUPREME COURT CASE AUTHORITY :
1) CUNNINGHAM V. CALIFORNIA, ___ (2007), 127 S.CT. 856
2) U.S. V. CALANDRA, 38 LEd2d 561 (1974)
3) BLAKELY V. WASHINGTON, 124 S.CT. 2531 (2004)
4) APPRENDi V. NEW JERSEY, 530 U.S. 466 (2000)
5) JONES V. UNITED STATES, 526 U.S. 227 (1999)
6) HARRIS V. UNITED STATES, 153 LEd2d. 524 (2002)

CALIFORNIA STATE CASE AUTHORITY
1) BUNNELL V. SUPERIOR COURT (1975) 13 CAL.3d 592
2) PEOPLE V. CATTANEO (1990) 217 CAL.APP.3d 1577, 1587-1588
3) PEOPLE V. HERNANDEZ (2007) LEXIS 257
4) PEOPLE V. BLACK (2005) 35 CAL.4TH @ 1257 - 113 P3d. @ 545 (2005)

OTHER AUTHORITY : A.E.D.P.A.

PAGE C1-6

List, by name and citation only, any cases that you think are close factually to yours so that they are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning of these cases:

SEE PAGE(S)

C1 - 6

Do you have an attorney for this petition?    Yes ☐ No ☒

If you do, give the name and address of your attorney:

N/A

WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

Executed on  JANUARY 22, 2008
           Date

              Signature of Petitioner

( rev. 5/96)

9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT A

1) LEGAL STATUS Summary
2) ABSTRACT OF JUDGEMENT

Included in original filed
w/ Court on 3/8/07

```
LEGAL STATUS SUMMARY  TYPE-   D    CSF-S                        02/18/2004 21:48
------------------------------------------------------------------------------
   CDC NUMBER  !  NAME                              !ETHNIC!     BIRTHDATE
    T98702     !  GREENE,PHILIP,JASON               !  WHI  !    02/26/1970
------------------------------------------------------------------------------
   TERM STARTS !  MAX REL DATE   MIN REL DATE  MAX ADJ REL DT !  MIN ADJ REL DT
    07/07/2003 !   05/19/2010     05/08/2009    05/19/2010    !   05/08/2009
------------------------------------------------------------------------------
                                                     !  PAROLE PERIOD
BASE TERM  4/00 + ENHCMNTS  3/00 = TOT TERM  7/00    !  3 YRS
------------------------------------------------------------------------------

  PRE-PRISON + POST SENTENCE CREDITS
  CASE    P2900-5 P1203-3 P2900-1 CRC-CRED MH-CRED P4019   P2931 POST-SENT  TOT

  210721      34                              5               9    48

  PSYCH REFERRAL PER P3002
  OTHER NOTIFICATION REQUIRED


------------------------------------------------------------------------------
   RECV DT/ COUNTY/   CASE    SENTENCE DATE                  CREDIT    OFFENSE
    CNT        OFF-CODE  DESCRIPTION                         CODE         DATE
------------------------------------------------------------------------------
CONTROLLING PRINCIPAL & CONSECUTIVE   (INCLUDES ENHANCEMENTS/OFFENSES):

--CONTROLLING CASE --
7/07/2003  SCL   210721       6/27/2003
  01 P273A(A)   ABUSE/ENDANGER CHILD                            4  08/26/1999
                P12022.7(A)  01 INFL GBI                        4
      PC 3058.9


------------------------------------------------------------------------------
TRAN                              RULE   _____D A Y S_____
TYPE    DATE    END DATE LOG NUMBER    NUMBER  ASSESS LOST REST DEAD
------------------------------------------------------------------------------
BEG 07/07/2003           ******BEG BAL*******
   CURRENT PC BALANCE:      0          CURRENT BC BALANCE:   376
------------------------------------------------------------------------------
```

**ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE**
**SINGLE, CONCURRENT OR FULL-TERM CONSECUTIVE COUNT FORM**
[Not to be used for multiple count convictions or for 1/3 consecutive sentences.]

CR-290.1

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SANTA CLARA**
BRANCH OR JUDICIAL DISTRICT  **HOJ**

| PEOPLE OF THE STATE OF CALIFORNIA vs. DEFENDANT: **PHILIP JASON GREENE** | DOB: **02-26-70** | CASE NUMBER **210721** |
|---|---|---|

AKA:

CII#:

BOOKING INFORMATION: PFN CWW317  CEN: **02507788**

☐ NOT PRESENT

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT

☐ AMENDED ABSTRACT

| DATE OF HEARING **06-27-03** | DEPT. NO. **31** | JUDGE **KEVIN J. MURPHY** |
|---|---|---|
| CLERK **P. COOPER** | REPORTER **T. HOLLAND** | PROBATION NUMBER OR PROBATION OFFICER **D. KILMER** |
| COUNSEL FOR PEOPLE **R. HEY** | ☐ State Attorney General | COUNSEL FOR DEFENDANT **C. MATTISON**   ☐ APPTD. |

1. Defendant was convicted of the commission of the following felony:

| CNT. | CODE | SECTION NO. | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (Month/Date/Year) | CONVICTED BY Jury | CONVICTED BY Court | CONVICTED BY Plea | TERM L, M, U | TIME IMPOSED YRS. | TIME IMPOSED MOS. |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC | 273a(a) | Causing/Permitting a child to suffer or inflicting pain or suffering or endangering the health of a child | 1999 | 05-01-03 | | X | | M | 4 | 0 |

2. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENTS.

| COUNT | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL | |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC12022.7(a) | 3 | | | | | | | 3 | 0 |

3. ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTION OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENTS.

| ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

4. ☐ Defendant was sentenced pursuant to PC 667 (b)-(i) or PC 1170.12 (two-strikes).

5. FINANCIAL OBLIGATIONS (including any applicable penalty assessments):
Restitution Fine of: $____ per PC 1202.4(b) forthwith per PC 2085.5; $_ per PC 1202.45 suspended unless parole is revoked.
Restitution per PC 1202.4(f): ☒**3,000** / ☐ Amount to be determined  to: ☐ victim(s)*  ☐ Restitution Fund
(*List victim name(s) if known and amount breakdown in item 7, below.)
Fine(s) [PA included]: $____ per PC 1202.5.  $____ per VC 23550 or ____ days ☐ county jail ☐ prison in lieu of fine ☐ CC ☐ CS
Lab Fee $____ per HS 11372.5(a) for counts ____.  ☐ Drug Program Fee of $150+ PA____ per HS 11372.7(a).

6. TESTING:   a. ☐ AIDS pursuant to PC 1202.1   b. ☐ DNA pursuant to PC 296   c. ☐ other (specify):
Other orders (specify): BAIL EXONORATED; MOTION TO STAY EXECUTIC I & JUDGMENT/RELEASE DEFT ON BAIL PENDING APPEAL -MOTION DENIED;
PROB DENIED; NO CONTACT W/VICTIM OR FAMILY/CO-DEFTS UNLESS AF   BY APO;
*STATE BOARD OF CONTROL & RESTITUTION $152,531.18 TO VALLEY ME   L CENTER; ADV OF 3 YRS PAROLE/APPEAL RIGHTS.

| 8. | TOTAL TIME IMPOSED excluding county jail term: | 7 | 0 |
|---|---|---|---|

9. ☐ This sentence is to run concurrent with (specify):

10. Execution of sentence imposed
a. ☒ at initial sentencing hearing.
b. ☐ at resentencing per decision on appeal.
c. ☐ after revocation of probation.
☐ at resentencing per recall of commitment. (PC 1170(d).)
☐ other (specify):

| 11. | DATE SENTENCE PRONOUNCED **06-27-03** | CREDIT FOR TIME SPENT IN CUSTODY **39** | TOTAL DAYS INCLUDING: | ACTUAL TIME **32** | LOCAL CONDUCT CREDITS **5** | ☐ 4019 ☒ 2933.1 | SERVED TIME IN STATE INSTITUTION (number of days) ☐ DMH   ☐ CDC   ☐ CRC |
|---|---|---|---|---|---|---|---|

12. The defendant is remanded to the custody of the sheriff  ☒ forthwith   ☐ after ___ hours excluding Saturdays, Sundays, and holidays.
To be delivered to: ☒ reception center designated by Director, California Department of Corrections.
☐ Other (specify):

CLERK OF THE COURT: I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE **CATALINA LIRA NEVIUS**  *Catalina Lira Nevius* | DATE **06-30-03** |
|---|---|

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for determinate sentences. Attachments may be used but must be referred to in this document.

Form Adopted for Mandatory Use
Judicial Council of California

**ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE**
**SINGLE, CONCURRENT, OR FULL-TERM CONSECUTIVE COUNT FORM**

Penal Code
§§ 1170, 1213, 1213.5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*EXHIBIT* ~~##~~ *B*

FOR 602 APPEAL
GREENE - T98702
ASP- GF4-37LOW

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

| Location: Institution/Parole Region | Log No. | Category |
|---|---|---|
| 1. _____ | 1. _____ | _____ |
| 2. _____ | 2. _____ | _____ |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| GREENE, P. | T98702 | N/A | GF4-37Low |

A. Describe Problem: ON MAY 1, 2003, PETITIONER WAS FOUND GUILTY OF VIOLATING PENAL CODE SECTION 273A(A) AND SECTION 12022.7(A), BY JUDGE KEVIN MURPHY IN SANTA CLARA COUNTY SUPERIOR COURT. (SEE EXHIBIT A). SUCH "TRIAL" WAS BY SUBMISSION ON THE GRAND JURY TRANSCRIPTS IN ACTION #210721 PURSUANT TO BUNNEL & V. SUPERIOR COURT (1975) 13 CAL. 1,592, WHICH "AN AGREEMENT TO SUBMIT A CASE FOR DECISION ON TRANSCRIPT DOES NOT, AND CANNOT, ... ERCEDE THE PLEA OF 'NOT GUILTY' WHICH NECESSARILY PRECEDES THE AGREEMENT." ON JUNE 27, 2003, THE SENTENCING COURT SENTENCED PETITIONER TO THE MID-TERM OF (4) YEARS FOR VIOLATION OF SECTION 273A(A) AND ISSUED A CONSECUTIVE (3) YEAR TERM FOR SECTION 12022.7(A) (SEE EXHIBIT A).
(SEE ADDITIONAL SHEET.)

If you need more space, attach one additional sheet.

B. Action Requested: DUE TO THE ABUSE OF DISCRETION BY THE SENTENCING COURT, PETITIONER WAS DENIED HIS 6TH AND 14TH AMENDMENT RIGHT TO TRIAL BY JURY - MINIMULLY RE: THE 12022.7(A) ENHANCEMENT, AND WAS IMPROPERLY PRESCRIBED THE MID-TERM OF (4) YEARS RE: SECTION 273A(A) VIOLATION. DUE TO SUCH ACTIONS BY THE COURT, THE CDCR HAS THE RIGHT AND DUTY TO VACATE THE IMPROPERLY
(SEE ADDITIONAL SHEET.)

Inmate/Parolee Signature: _Phillip Greene_                    Date Submitted: 2/4/07

C. INFORMAL LEVEL (Date Received: 2/7/07 )

Staff Response: _____

"see attached"

Staff Signature: _Janice Ruocco_ CCRA                    Date Returned to Inmate: 2/9/07

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____
_____
_____

Signature: _____                    Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed                    CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

PAGE 1 OF 5

CC: PERSONAL FILE
STEBBINS & ASSOCIATES
ATTORNEY CHRISTINE MATTISON

(SECTION A CONTINUED - 602 APPEAL - GREENE - T98702/GFY-37LOW)

1   PETITIONER WAS THUS REMANDED INTO CUSTODY AFTER 3 YEARS AND 9 MONTHS
2   ON BAIL, PETITIONER WAS DENIED SUSPENDED SENTENCE W/PROBATION AND DENIED
    BAIL PENDING DIRECT APPEAL, JUDGE KEVIN MURPHY STATED THAT THE 7 YEAR PRISON
3   TERM AND 3 YEARS PAROLE HAD BEEN "PREDETERMINED." PETITIONER HAS NO
4   PRIOR CRIMINAL RECORD, NO PRISON PRIORS, AND THE ECONOMICAL DEPENDENCY OF
    HIS FAMILY WAS SUBSTANTIAL. (U.S. V. GALANTE, 111 F3d. 1029 (2nd CIR. 1997); AND U.S.
5   V. WINTERS, 117 F3d. 346 (7TH CIR. 1997)).

6        THE SENTENCE PRESCRIBED BY JUDGE KEVIN MURPHY ON JUNE 27, 2003 WAS/IS
7   AN ABUSE OF DISCRETION IN ISSUING THE (3) YEAR CONSECUTIVE SENTENCE WHICH
    VIOLATES THE U.S. SUPREME COURT HOLDING'S IN JOHN CUNNINGHAM V. CALIFORNIA, NO#
8   05-6551-2007 U.S. LEXIS 1324 - DECIDED JANUARY 22, 2007, AND BLAKELY V. WASHINGTON
    124 S.CT. 2531 (2004) - "SENTENCE ENHANCED BASED ON FACTS THAT WERE NOT CHARGED TO
9   AND FOUND BY JURY." THUS A VIOLATION OF THE RIGHT TO TRIAL BY JURY GUARANTEED
10  BY THE 6TH AND 14TH AMENDMENTS OF THE U.S. CONSTITUTION.

11  (SECTION B CONTINUED)
12  PRESCRIBED ENHANCEMENT AND PROVIDE PETITIONER THE APPROPRIATE (50%) CREDITS ON
    THE (4) YEAR MID-TERM FOR SECTION 273A(A). IF SUCH REQUEST IS DENIED IN THIS PROCESS
13  CDCR SHALL NOTIFY PETITIONER'S SENTENCING COURT WHO MUST, BY LAW:-

14       1) EITHER VACATE ENTIRE SENTENCE PRESCRIBED, AND PROVIDE PETITIONER A TRIAL
15  BY JURY OF HIS PEERS RE: INDICTMENT IN ACTION #210721; 2) PROVIDE PETITIONER A TRIAL
    BY JURY RE: SECTION 12022.7(A) ENHANCEMENT AND PRESCRIBE THE LOWER TERM OF
16  (2) YEARS FOR SECTION 273A(A); 3) VACATE THE ENHANCEMENT 12022.7(A) PORTION OF
17  PRESCRIBED SENTENCE AND DIRECT CDCR' TO APPLY APPROPRIATE (50%) SENTENCING
18  CREDITS UNDER THE LAW, AFTER COURT RE-PRESCRIBES THE LOW TERM OF (2) YEARS
19  FOR SECTION 273A(A) AND RELEASE PETITIONER ON PAROLE FOR A DISCHARGE DATE
    OF MAY 19, 2007, AS PETITIONER WILL HAVE COMPLETED HIS PAROLE PERIOD WHILE
20  INCARCERATED ON THE CURRENT IMPROPERLY PRESCRIBED SENTENCE. AS OF THE
    DATE OF THIS 602 APPEAL, PETITIONER ONLY HAS A PERIOD OF (3) MONTHS AND (15)
21  DAYS OF PAROLE LEFT TO DO ON THE PROPER SENTENCE THE COURT, BY LAW, SHOULD
22  HAVE PRESCRIBED WITHOUT THE 12022.7(A) ENHANCEMENT. WITH THE CURRENT
    (4) YEARS FOR SECTION 273A(A), @ (50%) PETITIONER WOULD HAVE A PERIOD OF ONLY
23  (2) YEARS AND (3) MONTHS (15) DAYS ON PAROLE. PETITIONER DEMANDS BOTH THE
24  CDCR AND THE SUPERIOR COURT OF SANTA CLARA COUNTY TO ISSUE THE GUIDELINES
25  OF THE UNITED STATES SUPREME COURT'S the HOLDINGS AS DESCRIBED ABOVE. SUCH
    ACTIONS MUST BE IMMEDIATE.
26
27
28

# Memorandum

Date:    02/9/2007

To:      Greene, Phillip T-98702

*RECEIVED BY I/M GREENE*
*ON 2/23/07.*
*Phillip Greene*

Subject   **CDC 602 Response (Informal Level)**

### Appeal Denied

Upon review and investigation of your CDC 602 the following facts were found:

I/M Greene, there is nothing that can be done or will be done by The Department of Corrections and Rehabilitation. Correctional Case Records Analyst cannot change one thing on your sentence. That is the bottom line. Correctional Case Records Analyst take direction only from certified legal paperwork from the Superior Courts of California. The Santa Clara County Superior Court and Judge Kevin Murphy is the only legal entities that can do anything for you on your sentencing.   It is your responsibility alone to write the Judge and the Court if you have a problem with your sentencing.    Once again you are challenging your credits per 2933.1, wanting to earn 50% off your sentence.  You withdrew your CDC 602 appeal dated 11/30/2006 at the second level formal appeal on this subject.  This is a mute subject now.  But to remind you, nothing can be done on this subject either, unless certified legal documents arrive from the Superior Court striking the enhancement of PC 12022.7(A).    Until then you are sentenced under PC 2933.1 for a violent felony enhancement at 15% credit.  Your EPRD will remain at 05/06/2009.

Because of the facts presented this appeal is denied. CDCR will not vacate any term sentenced by the Superior Courts of California.

D. Prock
Correctional Case Records Analyst

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

EXHIBIT <s>B</s>C

SUPERIOR COURT RULING

16
17
18
19
20
21
22
23
24
25
26
27
28

**FILED**

**SUPERIOR COURT OF CALIFORNIA**

APR 0 2 2007

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
By _____ Deputy

**COUNTY OF SANTA CLARA**

In re )  No.: 210721
)
PHILIP J. GREENE, )
)  ORDER
On Habeas Corpus )
)

Mr. GREENE, (hereinafter Petitioner,) has filed a habeas corpus petition in which he seeks relief based on the United States Supreme Court's holding, in *Cunningham v. California* (2007) 127 S.Ct. 856, that *Blakely v. Washington* (2004) 542 U.S. 296 applies to California's sentencing practices when the upper, or aggravated, term is imposed. However in Petitioner's case the upper/aggravated term was not imposed. The *Cunningham/Blakely* rule does not apply to enhancements that are separately charged and found to be true and which may be imposed consecutively. (See *People v. Hernandez* (2007) LEXIS 257.) Accordingly, all requested relief or action is denied.

DATED: March 15 , 2007

LINDA R. CONDRON
JUDGE OF THE SUPERIOR COURT

cc:  Petitioner
     District Attorney
     Research (3-13A)
     CJIC

1

| THE SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SANTA CLARA<br><br>Plaintiff:<br>    PEOPLE OF THE STATE OF CALIFORNIA<br><br>Defendant:<br>    PHILIP J. GREENE | (ENDORSED)<br><br>**F I L E D**<br>APR 0 2 2007<br><br>KIRI TORRE<br>Chief Executive Officer/Clerk<br>Superior Court of CA County of Santa Clara<br>BY **Jennifer E. Vigna** ..Y |
| PROOF OF SERVICE BY MAIL OF:<br>ORDER ON HABEAS CORPUS | CASE NUMBER:<br>210721 |

CLERK'S CERTIFICATE OF MAILING: I certify that I am not a party to this case and that a true copy of this document was mailed first class postage fully prepaid in a sealed envelope addressed as shown below and the document was mailed at SAN JOSE, CALIFORNIA on 04-02-07. I declare under penalty of perjury that the foregoing is true and correct.

KIRI TORRE, Chief Executive Officer/Clerk                    By _Jennifer E. Vigna_ Clerk
                                                                                  Jennifer E. Vigna

Philip J. Greene, Petitioner
CDC #T-98702
Avenal State Prison
P.O. Box 9
Avenal, CA 93204

Office of the District Attorney
70 W. Hedding Street
San Jose, CA 95110
*Placed in inter-office box

Research
*Placed in inter-office box

CJIC
*Placed in inter-office box

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT D
COURT OF APPEAL DECISION



## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT



Court of Appeal - Sixth App. Dist.

JUN 8 - 2007

MICHAEL J. YERLY, CLERK

By _____
                    DEPUTY

In re PHILIP J. GREENE,

on Habeas Corpus.

H031474
(Santa Clara County
Super. Ct. No. 210721)

BY THE COURT:

The petition for writ of habeas corpus is denied.

(Bamattre-Manoukian, Acting P.J., and Mihara, J., participated in this decision.)

Dated    JUN 8 - 2007                BAMATTRE-MANOUKIAN, J.
                                                              Acting P.J.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT E

CALIFORNIA SUPREME COURT
RULING 12/12/07

S153879

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re PHILIP J. GREENE on Habeas Corpus

The petition for writ of habeas corpus is denied.

SUPREME COURT
**FILED**

DEC 1 2 2007

**Frederick K. Ohlrich Clerk**

Deputy

GEORGE

Chief Justice

# PROOF OF SERVICE BY MAIL

I THE UNDERSIGNED,  CERTIFY THAT I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE. THAT I

CAUSED TO BE SERVED A COPY OF THE FOLLOWING DOCUMENT:

ENTITLED: *PETITION FOR WRIT OF HABEAS CORPUS*

*W/INFORMA PAUPERIS APPLICATION*

BY PLACING THE SAME IN AN ENVELPOE, SEALING IT BEFORE A CORRECTIONAL OFFICER,

AND DEPOSITING IT IN THE *[UNITED STATE MAIL]* AT AVENAL STATE PRISON AND ADDRESSED IT TO THE

FOLLOWING: *CONSIDERED FILED ON DATE BELOW PER PRISON MAILBOX RULE:*
*FORD V. HUBBARD, 330 F.3d.1086 (9TH CIR.2003)*

> *UNITED STATES DISTRICT COURT*
> *NORTHERN DISTRICT OF CALIFORNIA*
> *ATTN: CLERK OF THE COURT*
> *450 GOLDEN GATE AVENUE, 16TH FL.*
> *SAN FRANCISCO, CA. 94102*

EXECUTED ON *JANUARY* , *22* , 20 *08*    AT AVENAL STATE PRISON, AVENAL,CALIFORNIA

I, *PHILIP J GREENE*    , DECLARE UNDER THE PENALTY OF PERJURY UNDER THE LAW

OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.

SIGNATURE OF DECLARANT

*PHILIP J. GREENE*

PRINT NAME OF DECLARANT

PRO PER.

CLOSED, HABEAS, ProSe

## U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:06-cv-05551-MMC
## Internal Use Only

Greene v. Carey
Assigned to: Hon. Maxine M. Chesney
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 09/11/2006
Date Terminated: 01/03/2007
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: Federal Question

**Petitioner**

**Philip Jason Greene**

represented by **Philip Jason Greene**
California State Prison Solano
T98702 21C-2-U
P.O. Box 4000
Vacaville, CA 95696-4000
PRO SE

V.

**Respondent**

**Warden Tom Carey**

| Date Filed | # | Docket Text |
|---|---|---|
| 09/11/2006 | ○1 | PETITION for Writ of Habeas Corpus. Filed byPhilip Jason Greene. (aaa, Court Staff) (Filed on 9/11/2006) (Entered: 09/12/2006) |
| 09/11/2006 | ○2 | Letter from Clerk requesting a signed and completed IFP application or filing fee of $5.00. (aaa, Court Staff) (Filed on 9/11/2006) (Entered: 09/12/2006) |
| 09/25/2006 | ○3 | Letter dated 9/21/06; from Philip J. Green re IFP. (aaa, Court Staff) (Filed on 9/25/2006) (Entered: 09/26/2006) |
| 10/03/2006 | ○ | Filing fee: $ 5.00, receipt number 3390853. (aaa, Court Staff) (Filed on 10/3/2006) (Entered: 10/04/2006) |
| 10/11/2006 | ○4 | MOTION for Leave to Proceed in forma pauperis filed by Philip Jason Greene. (aaa, Court Staff) (Filed on 10/11/2006) (Entered: 10/12/2006) |
| 01/03/2007 | ○5 | ORDER OF DISMISSAL; DENYING 4 LEAVE TO PROCEED IN FORMA PAUPERIS. Signed by Judge Maxine M. Chesney on January 3, 2007. (mmcsec, COURT STAFF) (Filed on 1/3/2007) (Entered: 01/03/2007) |
| 01/03/2007 | | (Court only) ***Civil Case Terminated. Re 5 Order (aaa, Court Staff) (Filed on 1/3/2007) (Entered: 01/08/2007) |
| 01/03/2007 | ○6 | CLERK'S JUDGMENT (far, COURT STAFF) (Filed on 1/3/2007) (Entered: 01/08/2007) |

CONFIDENTIAL

AVENAL STATE PRISON

AVENAL STATE PRISON

RECEIVED

08 JAN 25 PM 4:29

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FRED J. GREENE
T88902-1/150-1-LILL
AVENAL STATE PRISON
P.O. Box 9
AVENAL CA, 93204

RECEIVED

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JAN 2 5 2008

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
ATTN: CLERK OF THE COURT
450 GOLDEN GATE AVE. 16TH FL.
SAN FRANCISCO CA. 94102



neopost
$01.99
Mailed From 93
US POSTAGE
01/23/200
0498204Z