IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP J. GREENE, ) | No. C 08-0714 MMC (PR) |
| Petitioner, ) | **ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** |
| v. ) | |
| HARTLEY, Warden, ) | **(Docket Nos. 2 & 3)** |
| Respondent. ) | |
| _____ ) | |

On January 30, 2008, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Included with the petition is a "Motion to File Newly Exhausted Claim Via Second Petition – Abuse of Discretion by Sentencing Court." In said motion, petitioner states he is seeking leave to proceed with a second petition pursuant to 28 U.S.C. § 2244(b). Petitioner characterizes the instant petition as a second petition because the petition contains a newly-exhausted claim concerning sentencing error in connection with petitioner's 2003 conviction in Santa Clara County Superior Court; petitioner currently has pending in this court an earlier-filed petition challenging the validity of the same 2003 conviction. See Greene v. Powers, No. C 05-3433 MMC (PR).

The Court will deny petitioner's motion to proceed with his newly-exhausted claim in the instant petition. Petitioner's earlier-filed petition challenging the validity of petitioner's 2003 conviction is still pending; thus, his challenge to the validity of the sentence arising from the 2003 conviction should be brought in that petition.

Accordingly, petitioner's motion to file a second petition containing his newly-

exhausted claim is hereby DENIED, and the instant petition is hereby DISMISSED.[1] If petitioner wishes to proceed with his newly-exhausted claim challenging the validity of the sentence he received in connection with his 2003 conviction, he must file a motion seeking leave to amend the petition in Case No. C 05-3433.

Petitioner's application to proceed in forma pauperis is hereby GRANTED.

This order terminates Docket Nos. 2 and 3.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: February 8, 2008

_____
MAXINE M. CHESNEY
United States District Judge

---

[1] If petitioner were seeking leave to file a second petition after his earlier-filed petition challenging the 2003 conviction had already been denied, the Court would be required to deny the motion and direct petitioner to seek leave from the Ninth Circuit to file a second petition. See 28 U.S.C. § 2244(b)(3)(A).

2